liPLOTKIN, Judge.
Defendants Poseidon Shipping Co., Ltd. and Neptune Maritime Co. of Monrovia seek this court’s supervisory jurisdiction to review a trial court judgment denying their exception of lack of procedural capacity filed against plaintiff Nelda Garcia. For the reasons explained below, we grant supervisory writs, reverse the trial court judgment denying the defendants’ exception of lack of procedural capacity, grant the exception, declare the previous judgments in the successions proceedings absolute nullities, and dismiss the plaintiffs suit.
This suit was filed by Ms. Garcia in her alleged capacity as provisional ancillary ad-ministratrix for the successions of seventeen Greek and Filipino seamen who were killed when the MTV MELETE sank in the Indian Ocean on August 24, 1991. Ms. Garcia, an Orleans Parish resident who was born in the Philippines but is a naturalized United States citizen, agreed to serve as the succession representative for the seventeen seamen, none of whom is related to Ms. Garcia, |2on the request of the Baton Rouge attorneys who filed the suits.
Thereafter, the attorneys filed 17 separate suits in Ms. Garcia’s name in several divisions of Orleans Parish Civil District Court. In order to assert the jurisdiction of the Orleans Parish court over the successions proceedings, Ms. Garcia alleged that each of the seamen owned movable property situated in Orleans Parish, “namely, a cause of action for his injuries and subsequent death,” which would result in litigation in Louisiana. The causes of action were valued at “zero.” Seventeen judgments issued from several divisions of Civil District Court naming Ms. Garcia provisional ancillary administratrix.[1]
*990 1 ¡¡Thereafter, Ms. Garda filed the instant suit seeking damages on behalf of the seventeen seamen under the Death on the High Seas Act, the Jones Act, and general maritime law. The defendants responded with an exception of lack of procedural capacity, claiming that the underlying judgments appointing Ms. Garcia as provisional ancillary administratrix are absolute nullities for lack of subject-matter jurisdiction because none of the decedents owned any property in Orleans Parish, as required by La. C.C.P. art. 2811.[2]
The subject-matter jurisdiction and procedure for ancillary succession proceedings filed in Louisiana is controlled by La. C.C.P. art. 3401, which provides as follows:
When a nonresident dies leaving property situated in this state, a succession proceeding must be instituted in a court of competent jurisdiction in accordance with Article 2811.
La. C.C.P. art. 2811 provides as follows:
A proceeding to open a succession shall be brought in the district court of the parish where the deceased was domiciled at the time of his death.
If the deceased was not domiciled in this state at the time of his death, his succession may be opened in the district court of any parish where:
(1) Immovable property of the deceased is situated; or,
(2) Movable property of the deceased is situated, |4if he owned no immovable property in the state at the time of his death.
In the instant case, the decedents in question owned no immovable property in Louisiana; thus, the jurisdiction of the Civil District Court cannot be based on La. C.C.P. art. 2811(1). However, the plaintiff claims that she properly opened the decedents’ successions in Louisiana because they owned incorporeal movable property in the state in the form of a cause of action for wrongful death which had not even been asserted at the time the successions were opened. Thus, Ms. Garcia claims, the trial court had subject-matter jurisdiction under La. C.C.P. art. 2811(2).
Under the circumstances, we find that the decedents had no property in Louisiana at the time of their deaths. In fact, the cause of action asserted by the plaintiff, if it exists at all, did not exist until the time the decedents died. The plaintiffs arguments are circular: She claims that she has the right to open the ancillary succession proceedings in Louisiana because she has an unasserted *991 cause of action; then, she claims that she has the procedural capacity to file the suit because she has been named administratrix of the successions in the ancillary proceedings. Louisiana courts have no subject-matter jurisdiction over the ancillary succession proceedings. Thus, the judgments issued by the various district courts appointing Ms. Garcia provisional administratrix in the following numbered cases are absolute nullities: CDC No. 13482, CDC No. 13433, CDC No. 13434, CDC No. 13435, CDC No. 13437, CDC No. 13438, CDC No. 13439, CDC No. 13440, CDC No. 13441, CDC No. 13442, CDC No. 13443, CDC No. 13444, CDC No. 13445, CDC No. 13446, CDC No. 13447, CDC No. 13448, and CDC No. 13449.
Because the judgments appointing Ms. Garcia provisional administratrix in the above-listed proceedings are absolute nullities, the plaintiff has no procedural 1 scapacity to file the instant suit on behalf of the seamen. Accordingly, the exception of lack of procedural capacity is granted; the plaintiffs suit is dismissed.
WRIT GRANTED; JUDGMENT REVERSED; EXCEPTION GRANTED WITH DECLARATION; ACTION DISMISSED.

. Garcia has been appointed provisional ancillary administratrix in the following cases:
1. Ancillary Succession of Charlie C. Fabillar
No. 94-13432, CDC Div. “G,” Orleans Parish
2. Ancillary Succession of Ioannis Bithizis
No. 94-13433, CDC Div. "L,” Orleans Parish
*990 3. Ancillary Succession of Lorenzo W. Aguilar
No. 94-13434, CDC Div. "G," Orleans Parish
4. Ancillary Succession of Randi Luna
No. 94 — 13435, CDC Div. "E,” Orleans Parish
5. Ancillary Succession of Laurencio T. Gu-bantes
No. 94-13437, CDC Div. “C,” Orleans Parish
6. Ancillary Succession of Alexandras Sideris
No. 94-13438, CDC Div. "F," Orleans Parish
7. Ancillary Succession of Ioannis Tsiknas
No. 94-13439, CDC Div. “N,” Orleans Parish
8. Ancillary Succession of Casiano Z. Lan-sang
No. 94-13440, CDC Div. "L,” Orleans Parish
9. Ancillary Succession of Athinia Viennas
No. 94 — 13441, CDC Div. "D,” Orleans Parish
10. Ancillary Succession of Antonios Maniatis
No. 94 — 13442, CDC Div. "E,” Orleans Parish
11. Ancillary Succession of Dimos Konteas
No. 94-13443, CDC Div. "C,” Orleans Parish
12. Ancillary Succession of Rolando Z. Jas-min
No. 94 — 13444, CDC Div. "J,” Orleans Parish
13. Ancillary Succession of Guillermo A. Alarcon
No. 94-13445, CDC Div. “I,” Orleans Parish
14. Ancillary Succession of Jose Arlene Palo-mo
No. 94-13446, CDC Div. "J,” Orleans Parish
15. Ancillary Succession of Freddie A. Co-bangbang
No. 94-13447, CDC Div. "M,” Orleans Parish
16. Ancillary Succession of Pedrito F. Sera Joseph
No. 94-13448, CDC Div. "G," Orleans Parish
17. Ancillary Succession of Amancio Macalos
No. 94 — 13449, CDC Div. "B,” Orleans Parish

. The trial court originally denied the exception, saying that the succession judgments could be attacked only in the separate sections of Civil District Court where the ancillary succession proceedings had been filed. On application for supervisory writs in No. 96-C-0970, this court reversed on the basis of the fact that an absolutely null judgment issued by a court lacking subject-matter jurisdiction may be attacked collaterally under La. C.C.P. art. 2002.